FILED

2009 Nov-17  PM 02:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **JAMES GEREN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:09-CV-1928-VEH** |
| | ) | |
| **OMNI TRANSPORT SYSTEMS,** | ) | |
| **ALABAMA, LLC, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff James Geren commenced the above-styled case in the Circuit Court of Etowah County, Alabama, on August 31, 2009. His complaint asserts only state law claims.[1] On September 29, 2009, the case was removed to this Court by Defendant Wells Fargo Third Party Administrators, Inc. (hereinafter "Wells Fargo"). (doc. 1; "Notice of Removal").[2] Wells Fargo asserts that Plaintiff's state court complaint presents a case arising under the Constitution, laws, or treaties of the United States, and that this Court accordingly has original jurisdiction under 28

---

[1] The caption of plaintiff's state-court complaint identifies fictional defendants. Any claims asserted by a plaintiff against fictional parties are due to be disregarded, however, because there is no provision for fictitious party practice under federal law or rules of procedure. *Cf.* 28 U.S.C. § 1441(a) (stating that "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of removal).

[2] Plaintiff has not filed a motion to remand, nor has he otherwise challenged this Court's subject matter jurisdiction.

U.S.C. § 1331 and 28 U.S.C. § 1441.  Specifically, Wells Fargo argues that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*.

District courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)); *see also, e.g., Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000) ("Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases.") (citing *University of South Alabama*, 168 F.3d at 409-10).[3]

Accordingly, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action.  *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831, 119 S. Ct. 2295, 2307, 144 L. Ed. 2d 715 (1999) (citing *Steel Co. v. Citizens for a*

---

[3] Despite this fundamental jurisdictional proposition, the Supreme Court has said that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L. Ed. 2d 483 (1976); *see also, e.g., Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L. Ed. 2d 1 (1996); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 15, 103 S. Ct. 927, 936, 74 L. Ed. 2d 765 (1983); *First Franklin Financial Corp. v. McCollum*, 144 F.3d 1362, 1364 (11th Cir. 1998); *Lops v. Lops*, 140 F.3d 927, 942 (11th Cir. 1998).

*Better Environment*, 523 U.S. 83, 88-89, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998));
*see also, e.g.*, *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (stating that
"a court must zealously insure that jurisdiction exists over a case, and should itself
raise the question of subject matter jurisdiction at any point in the litigation where a
doubt about jurisdiction arises"); *Galindo-Del Valle v. Attorney General*, 213 F.3d
594, 598 n.2 (11th Cir. 2000) (observing that federal courts are "obligated to inquire
into subject matter jurisdiction *sua sponte* whenever it may be lacking."), *cert.
denied,* — U.S.—, 121 S. Ct. 2590, 150 L. Ed. 2d 749 (2001); *Fitzgerald v. Seaboard
Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir.1985) ("A federal court not only has
the power but also the obligation at any time to inquire into jurisdiction whenever the
possibility that jurisdiction does not exist arises."); *Kutner v. Kutner*, 656 F.2d 1107,
1110 (5th Cir. 1981)[4] ("[I]t is the duty of the court to determine on its own motion
whether it has jurisdiction of any case before it."); *Employers Mutual Casualty Co.
v. Evans,* 76 F. Supp. 2d 1257, 1259 (N.D. Ala. 1999) ("[A] federal court is obligated
to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

Further, "a court should inquire into whether it has subject matter jurisdiction
at the earliest possible stage in the proceedings." *University of South Alabama,* 168

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the
Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to
the close of business on September 30, 1981.

F.3d at 410.  Such an inquiry is mandated, at least in part, because the removal of

actions instituted in a state court to a federal forum implicates fundamental concerns

of state sovereignty and federalism.  Additionally, a district court should be mindful

of its limited capacity to adjudicate cases that are unquestionably within the scope of

federal jurisdiction.

> Federal courts are proper forums for the resolution of serious and
> substantial federal claims.  They are frequently the last, and sometimes
> the only, resort for those who are oppressed by the denial of the rights
> given them by the Constitution and laws of the United States.  Fulfilling
> this mission and the other jurisdiction conferred by acts of Congress has
> imposed on the federal courts a work load that taxes their capacity.
> Each litigant who improperly seeks federal judicial relief for a petty
> claim forces other litigants with more serious claims to await a day in
> court.  When litigants improperly invoke the aid of a federal court to
> redress what is patently a trifling claim, the district court should not
> attempt to ascertain who was right or who was wrong in provoking the
> quarrel but should dispatch the matter quickly.

*Raymon v. Alvord Independent School District*, 639 F.2d 257 (5th Cir. Unit A Mar.

12, 1981).

For all of such reasons, removal statutes are strictly construed.  *See, e.g., Miles*

*v. Kilgore*, 928 F. Supp. 1071, 1075 (N.D. Ala. 1996) (citing *Shamrock Oil & Gas*

*Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); *Fitzgerald v.*

*Seaboard System R.R., Inc.*, 760 F.2d 1249 (11th Cir. 1985)).

Upon reviewing the Notice of Removal (doc. 1), and all supporting exhibits

attached thereto, the Court *sua sponte* finds that it lacks subject matter jurisdiction over this controversy.  As such, and for the reasons stated herein, this case is due to be remanded to the Circuit Court of Etowah County, Alabama, from whence it was removed.

## I.    Facts[5]

On May 17, 2008, Plaintiff was involved in a motor vehicle accident in Gadsden, Alabama.  According to Plaintiff, he "sustained injuries on his head, knee, leg and severe scarring." (doc. 1-2, at ¶ 6).  At the time of the accident,  Plaintiff had medical insurance coverage with an entity identified in the complaint as Accordia Insurance.[6]  Plaintiff did not have uninsured or underinsured insurance coverage.

Despite the fact that it is not clear from the complaint itself, this Court infers that Plaintiff faulted another individual or entity with causing the accident.  Based on the factual allegations of Plaintiff's complaint, taken as a whole, Plaintiff employed attorney Leon Garmon in anticipation of filing a lawsuit regarding the accident.[7]  The

---

[5] The "facts" of this case, as stated by the Court herein, are gleaned exclusively from Plaintiff's state court complaint and the exhibits attached thereto.  Wells Fargo did not file with this Court any sworn declarations, affidavits, or other evidence of any kind to refute the allegations of Plaintiff's complaint.  As such, Plaintiff's averments of fact have been given deference, and all facts have been construed in a light most favorable to the Plaintiff.

[6] "Accordia Insurance" is not a party to this lawsuit.

[7] Mr. Garmon is Plaintiff's counsel in this case.  While Mr. Garmon is not a party to this action, he has a personal interest in the outcome of this dispute.

"Employment Contract" between Plaintiff and Mr. Garmon "provides for an attorney fee of thirty-three and one-third percent . . . of any settlement without filing suit after deducting expenses for obtaining medical records, photocopying, postage and other expenses, and forty percent (40%) attorney fee it a lawsuit is filed." (doc. 1-2, at ¶ 7).

It is not known to this Court whether Plaintiff actually filed suit with regard to the May 17, 2008 accident. An entity identified in the state court complaint as "Allstate Insurance Company,"[8] who is allegedly the "liability insurance carrier" for a "Marty McClendon,"[9] "paid its Automobile Liability Insurance policy [] limits of $100,000.00." (doc. 1-2, at ¶ 13). Plaintiff refers to the payment made by Allstate Insurance Company as his "settlement funds."

Three entities and one individual asserted claims against the settlement funds. Defendant Omni Transport Systems, Alabama, LLC, sent a "collection notice" to Plaintiff for the amount of $1,938.00. (doc. 1-2, at ¶ 10). Plaintiff also received a "collection notice" from Defendant Amsher Collection Services, Inc., for the amount

---

[8] "Allstate Insurance Company" is not a party to this lawsuit.

[9] Based upon the exhibits attached to Plaintiff's complaint, it appears that an individual named "McClendon" was involved in the May 17, 2008 accident. Unfortunately, the Court cannot be certain of that fact. This Court has only been provided with photocopies of those exhibits, and the quality of the reproductions is poor. Many of the exhibits to both the Notice of Removal and to Plaintiff's state court complaint are illegible.

of $4,477.75.  (doc. 1-2, at ¶ 12).  Wells Fargo sent Plaintiff a "lien notice" in the

amount of $27,800.00.  (doc. 1-2, at ¶ 11).  Finally, Plaintiff's attorney, Mr. Garmon,

claims that he is owed $40,000.00 as an attorney's fee as well as "reimbursement of

court costs for filing lawsuit plus postage, photocopying and other expenses including

cost of medical records."  (doc. 1-2, at p.3).

The instant lawsuit was brought by Plaintiff as a declaratory judgment action

under Alabama law to determine the "validity of the liens" filed by Defendants

against the settlement funds.  Plaintiff also asks the Court to award Mr. Garmon his

requested attorney's fee and costs from the gross amount of the settlement funds.

Plaintiff contends that Mr. Garmon's claim to the settlement funds supercedes all

other claims or liens.

## II.    Discussion

In its Notice of Removal, Wells Fargo claims that this action is removable to

federal court under federal question jurisdiction.  *See* 28 U.S.C. § 1331.  According

to counsel for Wells Fargo

> Plaintiff was a participant or beneficiary in an employee welfare benefit
> plan as defined by 29 U.S.C. § 1001 (ERISA) established and
> maintained by Shaw Industries, Inc., for the benefit of its employees and
> eligible dependents (hereinafter "Shaw Plan").  Shaw Industries, Inc., is
> the plan administrator and named fiduciary of the Shaw Plan. [Wells
> Fargo] is the claims administrator for the Shaw Plan.

(doc. 1, at p.3).   Neither Shaw Industries, Inc., nor the Shaw Plan are named as Defendants in Plaintiff's state court complaint.  Wells Fargo did not provide the Court with a copy of the Shaw Plan.  In essence, Wells Fargo's petition for removal, on the basis of ERISA preemption, is founded in the unsubstantiated notion that "Plaintiff's petition *relates* to Shaw Industries, Inc.'s employee benefit plan and therefore falls within the scope of [ERISA]." (doc. 1, at p.4).  Wells Fargo contends that, "[u]nder the complete preemption exception to the well-pleaded complaint rule, the claims alleged by Plaintiff in the Complaint arise under ERISA even though they are pleaded as a declaratory judgment action in state court."  (*Id.*).

When reviewing Wells Fargo's Notice of Removal, this Court is particularly cognizant of the following: "Statements by counsel in briefs are not evidence." *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980).  In the instant case, Wells Fargo chose to hinge its arguments in favor of removal *solely* on the statements of its attorney in the Notice of Removal, on the allegations of Plaintiff's complaint, and on the information contained in the exhibits attached thereto.   Accordingly, counsel's statements of purported fact, which are not sworn statements, have been given no weight whatsoever.

### A.    Federal Question Jurisdiction

Title 28, United States Code, Section 1441(a) provides that actions may be

8

removed from state court under the following circumstances:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a).  Deference to the right of state courts to decide controversies before them requires that federal courts strictly construe removal jurisdiction statutes. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) (describing Congress's purposive narrowing of federal court removal jurisdiction by eliminating a plaintiff's right to remove cases to federal court).

**B.    The "Well-Pleaded Complaint Rule"**

The Eleventh Circuit observed in *Smith v. GTE Corp.*, 236 F.3d 1292 (11th Cir. 2001), that:

> Under the federal question jurisdiction statute, 28 U.S.C. § 1331, a district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 is generally determined by the well-pleaded complaint rule*, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  A well-pleaded complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on

resolution of a substantial question of federal law." *Franchise Tax Board* [*of the State of California*] *v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2840, 2856, 77 L. Ed. 2d 420 (1983).

*Smith*, 236 F.3d at 1310 (alteration and emphasis supplied).

The powerful, "well-pleaded complaint rule" has emerged from a concern for state court sovereignty. *See Franchise Tax Board*, 463 U.S. at 10. The well-pleaded complaint rule provides that a case "must be determined from what necessarily appears in the *plaintiff's statement of his own claim* in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose."[10] *Id.* (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)) (emphasis supplied). As the Supreme Court succinctly stated:

> For better or worse, under the present statutory scheme as it has existed since 1887, *a defendant may not remove a case to federal court unless*

---

[10] Seventy-five years before its decision in *Franchise Tax Board*, the Supreme Court explained this principle in *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149 (1908), in the following manner:

> [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based on those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States. Although such allegations show that very likely, in the course, of the litigation, a question would arise, *they do not show that the suit, that is, plaintiff's original cause of action, arises under the Constitution.*

*Id.* at 152 (emphasis supplied).

> *the plaintiff's complaint establishes that the case "arises under" federal*
> *law.* "[A] right or immunity created by the Constitution or laws of the
> United States must be an element, and an essential one, of the *plaintiff's*
> cause of action."

*Franchise Tax Board*, 463 U.S. at 10-11 (quoting *Gully v. First National Bank*, 299

U.S. 109, 112 (1936)) (emphasis added).

The clear implication of the well-pleaded complaint rule, then, is that any

"[d]oubts concerning removability are to be resolved against removal and in favor of

remand." *Alabama Department of Environmental Management v. Southern Clay and*

*Energy*, 737 F. Supp. 80, 81-82 (N.D. Ala. 1990); *see also Shamrock Oil*, 313 U.S.

at 108-109.

Thus, removal on the basis of a federal question cannot be sustained unless the

allegations contained within the four corners of a plaintiff's complaint at the time of

removal support such jurisdiction. *See Great Northern Railway Co. v. Alexander*,

246 U.S. 276, 281 (1918); *see also Franchise Tax Board*, 463 U.S. at 10. Stated

differently, if the allegations in the present Plaintiff's complaint do not satisfy the

requirements of 28 U.S.C. § 1441, the action "cannot be made removable by any

statement in the petition for removal or in subsequent pleadings by defendant." *Great*

*Northern Railway Co.*, 246 U.S. at 281. Here, Plaintiff's complaint asserts only state

law claims. Therefore, this case does not arise under federal law through the ordinary

operation of the well-pleaded complaint rule.

### 1.   Complete preemption as an exception to the well-pleaded complaint rule

There is, however, a narrow exception to the well-pleaded complaint rule based on the doctrine of complete preemption.  Under that doctrine, Congress can so fully legislate in a particular area that any complaint raising claims in that area is necessarily federal in character, and is removable on the basis of federal question jurisdiction.  *See Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Ervast v. Flexible Products Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003); *Kemp v. International Business Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997).  In other words, "[i]f a state law claim is completely preempted [by an Act of Congress], courts are required to recharacterize the claim as one arising under federal law for purposes of determining removal jurisdiction."  *Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1353 (11th Cir.1998) (alterations added).

It is well settled that Congress, through ERISA, has accomplished "complete preemption" of a plaintiff's state law claims where relief is available under 29 U.S.C. § 1132(a).  *Engelhardt*, 139 F.3d at 1353 (citing *Kemp*, 109 F.3d at 712); *see also* 29 U.S.C. § 1144(a) (stating explicitly that ERISA's provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan

12

described in section 1003(a) of this title and not exempt under section 1003(b) of this title").  It must be emphasized, however, that ERISA's complete preemption exists *only when* a state court plaintiff is seeking relief that is available under § 1132(a), in which case that plaintiff's state law claims are "recharacterized" as ERISA claims, and may be removed to federal court.  *Engelhardt*, 139 F.3d at 1353.  In the present case, Wells Fargo removed this action based on its assumption that ERISA completely preempted plaintiff's state law claims.

### 2.     Burden of proof on removing defendant

A removing defendant bears the burden of proving that federal jurisdiction exists.  *See, e.g.*, *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001); *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[T]he burden is on the party who sought removal to demonstrate that federal jurisdiction exists.") (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).

Furthermore, the burden rests on Wells Fargo to prove the facts necessary to establish ERISA preemption.  *See Lott v. Metropolitan Life Insurance Co.*, 849 F. Supp. 1451, 1452 (M.D. Ala. 1993) (citing *Kanne v. Connecticut General Life Ins.*

*Co.*, 867 F.2d 489, 492 n. 4 (9th Cir. 1988).

A defendant may submit affidavits, depositions, or other evidence to support removal.  *See*, *e.g.*, *Lott*, 849 F. Supp. at 1452 (citing *Fowler v. Safeco Insurance Co. of America*, 915 F.2d 616, 617 (11th Cir. 1990)).  In the present case, however, when Wells Fargo filed its Notice of Removal, it attached Plaintiff's state court complaint as the only evidence of the facts of this controversy.  Because Wells Fargo has not provided evidence supporting federal jurisdiction, the Court must assume that Wells Fargo is relying solely on the factual averments in Plaintiff's complaint to demonstrate ERISA's complete preemption of Plaintiff's state law claims.  *See, e.g., Leonard*, 279 F.3d at 972 (the removing party bears the burden of demonstrating a federal court's jurisdiction).  Upon consideration of that pleading, the Court finds that Wells Fargo has not established this Court's jurisdiction over this controversy.

## C.    ERISA Preemption

ERISA is a comprehensive statute that subjects employee benefit plans to federal regulation.  *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 732, 105 S. Ct. 2380, 2385, 85 L. Ed. 2d 728 (1985); *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 90, 103 S. Ct. 2890, 2896, 77 L. Ed. 2d 490 (1983).  Section 514(a) of ERISA, the preemption clause, provides that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA.  29 U.S.C. § 1144(a).  The Supreme Court has noted that the preemption clause "is conspicuous for its breadth," *FMC Corp. v. Holliday,* 498 U.S. 52, —, 111 S. Ct. 403, 407, 112 L. Ed. 356 (1990), and has instructed that the clause should be "expansively applied,"

14

> *Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, —, 111 S. Ct. 478, 112
> L. Ed. 2d 474 (1990).

*Swerhun v. Guardian Life Insurance Co. of America,* 979 F.2d 195, 197 (11th Cir.

1992) (bracketed alterations in original).

There are "two different kinds of ERISA preemption." *Butero v. Royal*

*Maccabees Life Insurance Co.*, 174 F.3d 1207, 1211 (11th Cir. 1999); *see also, e.g.,*

*Hardy v. Welch*, 135 F. Supp. 2d 1171, 1178 (M.D. Ala. 2000) ("Preemption based

on ERISA may take one of two forms.").  The first form of ERISA preemption,

known as "complete preemption" (sometimes called "superpreemption") "arises from

Congress's creation of a comprehensive remedial scheme in 29 U.S.C. § 1132 for loss

or denial of employee benefits." *Butero*, 174 F.3d at 1211.  The fundamental

principle is that, "[w]hen Congress comprehensively occupies a field of law, 'any

civil complaint raising this select group of claims is necessarily federal in character'

and thus furnishes subject-matter jurisdiction under 28 U.S.C. § 1331." *Id*. at 1211-

1212 (quoting *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)).

In complete preemption cases, state law claims are not dismissed, but are

"*recharacterize*[*d*] . . . into a federal claim under § 1132." *Ervast v. Flexible*

*Products Co.*, 346 F.3d 1007, 1014 (11th Cir. 2003) (emphasis in original).  The

doctrine is, thus, a jurisdictional one.  *Id*. ("The issue of complete preemption is

jurisdictional; meaning, if the claims are not completely preempted, they are not properly removed and must be remanded to state court.").

The other form of ERISA preemption is referred to as "defensive preemption." *See*, *e.g.*, *Cotton v. Massachusetts Mutual Life Insurance Co.*, 402 F.3d 1267, 1281 (11th Cir. 2005); *Butero*, 174 F.3d at 1212. Defensive preemption is derived from ERISA's explicit preemption provision, 29 U.S.C. § 1144(a). *Cotton*, 402 F.3d at 1281. Section 1144(a) states that ERISA provisions "shall supercede any and all State laws insofar as they may now or hereafter *relate to* any [ERISA-governed] employee benefit plan."[11]  29 U.S.C. § 1144(a) (emphasis supplied). The effect of defensive preemption is to "provide[] . . . an affirmative defense to certain state-law claims." *Hardy*, 135 F. Supp. 2d at 1178. As such, "defensive preemption does not furnish federal subject-matter jurisdiction under 28 U.S.C. § 1331 . . . . On the other hand, defensive preemption *does require dismissal of state-law claims*." *Butero*, 174 F.3d at 1212 (emphasis supplied). *See also Ervast*, 346 F.3d at 1014 ("The defensive preemption issue . . . is substantive; therefore, either in state or federal court, when a state law claim is brought, the defendant may raise the defense that the claims are

---

[11] The Eleventh Circuit has announced that "[a] party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) (emphasis supplied).

preempted by ERISA under § 1144, and should be dismissed."). Of course, if defensive preemption applies and state law claims are dismissed, claims asserted under ERISA itself may remain a part of the lawsuit.

### 1.    Complete preemption

Turning first to the question of whether Plaintiff's claims are subject to the doctrine of "complete," or "superpreemption,"

> here's the rule: ERISA superpreemption exists only when the 'plaintiff is seeking relief that is available under 29 U.S.C. § 1132(a).' *Whitt*, 147 F.3d at 1330. Regardless of the merits of the plaintiff's actual claims (recast as ERISA claims), relief is available, and there is complete preemption, when four elements are satisfied. **First**, there must be a relevant ERISA plan. *See id.*; *Kemp v. International Business Machs. Corp.*, 109 F.3d 708, 713 (11th Cir. 1997). **Second**, the plaintiff must have standing to sue under that plan. *See Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1350 n. 3 (11th Cir. 1998). **Third**, the defendant must be an ERISA entity. *See id.*; *Franklin v. QHG of Gadsden, Inc.*, 127 F.3d 1024, 1029 (11th Cir. 1997); *see also Morstein v. National Ins. Servs., Inc.*, 93 F.3d 715, 722 (11th Cir. 1996) (*en banc*) (no preemption at all-not even defensive preemption-when the defendant is 'a non-ERISA entity' and the claims do not 'affect relations among principal ERISA entities as such'). **Finally**, the complaint must seek compensatory relief akin to that available under § 1132(a); often this will be a claim for benefits due under a plan. *See Engelhardt*, 139 F.3d at 1354; *Franklin*, 127 F.3d at 1029.

*Butero*, 174 F.3d at 1212 (boldface emphasis supplied). *See also Tidwell v. Coldwater Covers, Inc.*, 393 F. Supp. 2d 1257 (N.D. Ala. 2005) (applying the four-part *Butero* analysis).

"The complete preemption and defensive preemption doctrines are very complicated and the cases are numerous." *Cotton*, 402 F.2d at 1282 (quoting *Wilson v. Coman*, 284 F. Supp. 2d 1319, 1341 (M.D. Ala. 2003)).  In the Eleventh Circuit, the primary complication plaguing a court's determination of complete preemption is an intra-circuit inconsistency regarding the appropriate analysis a district court must employ when addressing the question of whether a plaintiff's state law claims are completely preempted by ERISA.  Wells Fargo makes no mention of this in its papers.  This Court, however, concludes that reliance on *Butero* is appropriate.  That said, some discussion is warranted prior to embarking on a blind application of its four elements to the present case, because the complete preemption test articulated in *Butero* arguably conflicts with the analyses employed by the Eleventh Circuit in two holdings that predate *Butero*:  *i.e.*, *Franklin v. QHG of Gadsden, Inc.*, 127 F.3d 1024 (11th Cir. 1997), and *Hall v. Blue Cross/Blue Shield of Alabama*, 134 F.3d 1063 (11th Cir. 1998).  *See, e.g., Wilson*, 284 Fed. Supp. 2d at 1330-1342 (M.D. Ala. 2003) (concluding that the analyses of *Franklin* and *Hall* are not altogether consistent with *Butero*).

Although this inconsistency in authority has not yet been resolved by the Eleventh Circuit *en banc*, the panel responsible for the *Cotton* decision focused, in part, on the inconsistencies among *Burero*, *Franklin*, and *Hall*.  *Cotton* held that the

18

"prior panel precedent rule" does not apply to the analysis employed by the court in

*Butero*,[12] and determined that *Butero* represents "this court's clearest statement of the

ERISA complete preemption rule."  402 F.3d at 1281.  In deciding to apply the

*Butero* test, *Cotton* reasoned:

> *Hall* and *Franklin* reach results that are consistent with *Butero*, but they employ analyses that are inconsistent with the rule it established.  In *Wilson v. Coman*, 284 F. Supp. 2d 1319 (M.D. Ala. 2003), the court addressed this inconsistency at length and concluded (a) that while *Butero* "provides the proper standard for analyzing the question of complete preemption in the Eleventh Circuit," (b) that standard is in direct conflict with *Franklin*, and (c) "since *Franklin* is an earlier panel decision . . ., under the prior panel rule," he was bound to follow *Franklin* and not *Butero*.  *Id.* at 1329.  We agree that the analysis of *Franklin*, the earlier case, conflicts with that of *Butero*, the later one, but we do not think that the prior panel rule obliges us to follow *Franklin*.  The reason is that our pre- *Franklin* cases are consistent with *Butero*.  For example, in *Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708 (11th Cir. 1997), we held that the complete preemption question "turns on whether the plaintiffs are seeking relief that is available under [§ 502(a),]" and that "[a]n ordinary ERISA preemption defense, even if valid, is not enough to create federal question jurisdiction," and we analyzed the complete preemption issue without reference to § 514's "relate to" standard.  *Id.* at 711-14.  Indeed, in declining the defendant's invitation to reach the defensive preemption issue, we explained, "We cannot decide whether the plaintiffs' claims relate to an ERISA plan . . . because we have no jurisdiction over this case.  *The defense of ordinary ERISA preemption, by itself, does not create federal question*

---

[12] The "firmly established" rule of the Eleventh Circuit is that "each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled *en banc*, or by the Supreme Court." *United States v. Hogan*, 986 F.2d 1364, 1369 (11th Cir. 1993); *see also*, *e.g.*, *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (*en banc*) ("Under our prior panel precedent rule, a panel cannot overrule a prior one's holding even though convinced it is wrong.").

*jurisdiction.*" *Id.* at 714 (emphasis added). Similarly, in *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193 (11th Cir. 1991), we distinguished defensive preemption under § 514 and complete preemption under § 502(a). *See id.* at 1195-96; *id.* at 1197-99 (Johnson, J., dissenting). And in our most recent complete preemption case (issued after the district court's decision in *Wilson*), we again held that a claim is not completely preempted under § 502(a) simply because it is defensively preempted under § 514; indeed, we specifically stated that "the district court erred in deciding the [complete] preemption issue by applying the defensive preemption analysis." *Ervast v. Flexible Products Co.*, 346 F.3d 1007, 1013 (11th Cir. 2003). Thus, we are not bound by the analyses of *Franklin* and *Hall*; rather, we will apply the complete preemption rule set out in *Butero*.

402 F.3d at 1289-1290.

Since the *Cotton* decision, *Butero* has been relied upon by other courts within the Eleventh Circuit as the binding statement of the complete preemption rule. *See, e.g., Smith v. Wynfield Development Co., Inc.*, 238 Fed. Appx. 451, 456 (11th Cir. 2007) (applying the four-part *Butero* test); *Tidwell*, 393 F. Supp. 2d at 1261 (same). This Court likewise finds that, pursuant to *Cotton*, the four *Butero* elements embody the correct analytical framework that a court must apply when determining the issue of complete preemption. Accordingly, this Court will not consider the inconsistent, even though prior, analyses employed in *Hall* and *Franklin*.

### a.     A relevant ERISA plan

Under *Butero*, a removing defendant must first demonstrate the existence of a relevant ERISA plan. *See* 174 F.3d at 1212. In short, there is neither an allegation

20

by Plaintiff nor any evidence of record of an ERISA plan at issue in this litigation. In the record before this Court, the only reference to an ERISA plan is found in Wells Fargo's Notice of Removal, which was presumably drafted by that party's counsel. *See Skyline Corp.*, 613 F.2d at 1337 (statements by counsel are not evidence); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007) ("The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000) ("Jurisdiction cannot be conferred by a hypothetical.")  (citing *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039, 1052 (5th Cir. 1982) ("Jurisdiction is not conferred by the stroke of a lawyer's pen.  When challenged, it must be adequately founded in fact.")).

Accordingly, in the absence of an allegation regarding an ERISA plan in Plaintiff's complaint or of any evidence of a relevant ERISA plan, the Court finds that the first element of the *Butero* test has not been satisfied.   Consequently, ERISA superpreemption is not applicable to Plaintiff's claims, and this Court lacks jurisdiction over this lawsuit.[13]   *Butero*, *supra*.

---

[13] A failure of any one of the four *Butero* elements necessitates a finding that a plaintiff's claims are not subject to ERISA's complete preemption and that federal jurisdiction based on ERISA preemption does not exist.  *See Butero*, 174 F.3d at 1212.  For that reason, the Court need not delve into the remaining three elements.

Nevertheless, the Court notes that it cannot, in the absence of allegations or evidence

regarding the terms of the Shaw Plan, render a finding that Plaintiff has standing to sue under the terms of that plan.  Standing to sue under an ERISA plan is the second required element of *Butero*.  The Court will not speculate or guess in an effort to lend credibility to an argument that Wells Fargo could have raised and supported with evidence but, for whatever reason, did not. "Courts are not obligated to read a party's mind or to construct arguments that it has failed to raise and that are not reasonably presented in the court file." *Williams v. Quality Filters, Inc.*, No. 07-0015-WS-B, 2007 WL 4219201, at *1 (S.D. Ala. Nov. 27, 2007) (citing *Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ."); *Higgins v. New Balance Athletic Shoe, Inc.,* 194 F.3d 252, 260 (1st Cir. 1999) (declaring that a "party who aspires to oppose a ... motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant).  *See also Lyes v. City of Riviera Beach, Fla.*, 126 F.3d 1380, 1388 (11th Cir. 1997) (explaining that "the onus is upon the parties to formulate arguments").  In this case, the Court simply has nothing factual to build on regarding the standing issue.  Because there is no basis of fact in which this Court could conclude that Plaintiff would have standing to sue under the Shaw Plan, the Court must find that Wells Fargo has failed to satisfy the second *Butero* element.

Also, assuming *arguendo* that the Shaw Plan is a relevant ERISA plan and that Plaintiff has standing to sue under the terms of that plan, Wells Fargo has not argued that it is an ERISA entity, the third requirement of *Butero*.  A defendant is not rendered an ERISA entity because of the nature of a plaintiff's claims, or by virtue of *any* relationship, however tenuous or remote, with an ERISA plan at issue in a lawsuit.  To the contrary, to qualify as an "ERISA entity," a defendant must be one of the following:  "the employer, the plan, the plan fiduciaries, [or] the beneficiaries under the plan."  *Morstein v. National Insurance Services, Inc.*, 93 F.3d 715, 722 (11th Cir. 1996).  *See also, e.g.*, *Perkins v. Time Insurance Company*, 898 F.2d 470, 474 (5th Cir. 1990) (same) (citing *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc.*, 793 F.2d 1456, 1470 (5th Cir. 1986) (stating that ERISA entities are "the employer, the plan fiduciaries, the plan, and the beneficiaries")).  A plan administrator, which Wells Fargo purports to be with regard to the Shaw Plan, is not *per se* an ERISA entity. *See id.* However, a plan administrator might be, in certain circumstances, a plan fiduciary and, thus, an ERISA entity.  Indeed, the Supreme Court explained that ERISA "*does not describe fiduciaries simply as administrators of the plan*, or managers or advisers.  Instead it defines an administrator, for example, as a fiduciary only 'to the extent' that he acts in such a capacity in relation to a plan." *Pegram v. Herdrich*, 530 U.S. 211, 225-226 (U.S. 2000) (citing  29 U.S.C. § 1002(21)(A)) (emphasis added).  Accordingly, the purported fact that Wells Fargo administered the Shaw Plan, standing alone, does not render that entity a "fiduciary" under the plan and, as such, an entity subject to suit under ERISA.

Where a plan administrator exercises "discretionary authority" over a plan, then that plan administrator is a "fiduciary" of the plan. 29 U.S.C. § 1002(21)(A)(i & ii) (to be a "fiduciary"

## 2.    Defensive Preemption

In light of the determination that "complete" or "superpreemption" does not apply to any of the claims asserted in this lawsuit, this Court lacks jurisdiction to engage in an analysis as to whether Plaintiff's claims are defensively preempted. Unlike complete preemption, jurisdiction is not conferred on a federal court through defensive preemption of a plaintiff's claims.    *See Butero*, 174 F.3d at 1212

---

one must exercise "discretionary authority"); *see also Heffner v. Blue Cross and Blue Shield of Alabama*, 443 F.3d 1330, 1334 (11th Cir. 2006) ("To the extent that it has discretionary authority or control over a plan, Blue Cross is a fiduciary under ERISA.") (citing 29 U.S.C. § 1002(21)(A)(i) & (iii); *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 113 (1989); *Cotton*, 402 F.3d at 1277)).  Here, however, no argument is raised — and there is nothing in the record to support a conclusion — that Wells Fargo exercised "discretionary authority" over the Shaw Plan.  Generally, courts look to the terms of a particular plan to determine whether an administrator or fiduciary has "discretionary authority."  *See, e.g., Aetna Health, Inc. v. Davila*, 542 U.S. 200, 210 (2004) ("Any dispute over the precise terms of the plan is resolved by a court under a *de novo* review standard, unless the terms of the plan 'giv[e] the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'") (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)); *Heffner*, 443 F.3d at 1334 (the Court examined the terms of a benefits plan to determine to what extent an entity had "discretionary authority" over the plan).  In this case, the Court has not been provided with a copy of the Shaw Plan documents and, thus, cannot embark on such an examination.

In consideration of the legal requirement that Wells Fargo, the removing party, bears the burden of demonstrating this Court's jurisdiction, *see Leonard*, 279 F.3d at 972, and the fact that Wells Fargo has not shown that it is an ERISA entity, the third element of *Butero* is not met, and Plaintiff's state law claims against Wells Fargo would not be preempted even assuming that the first two elements of *Butero* were satisfied.

The Court need not and will not discuss whether Plaintiff is seeking relief that is available under 29 U.S.C. § 1132 — the fourth element of *Butero*.  Because the Court has determined that Plaintiff's claims are not preempted by ERISA, such a discussion would unnecessarily invade the province of the state court. As more fully discussed *infra*, the state court has competent jurisdiction to determine, if the issue is raised, whether defensive preemption applies in this case.

("[D]efensive preemption does not furnish federal subject-matter jurisdiction under 28 U.S.C. § 1331."). "As a technical matter, 'a decision regarding complete preemption does not decide the issue of defensive preemption' because 'defensive preemption is a substantive issue that *must be decided by a court of competent jurisdiction.*'" *Cotton*, 402 F.3d at 1291-1292 (quoting *Ervast*, 346 F.3d at 1013 n.7) (emphasis supplied). "Thus, if a district court remands to state court claims that are not completely preempted, the defendant may still attempt to raise ERISA § 514 preemption as a defense in the state court." *Cotton*, 402 F.3d at 1292.

## III.   Conclusion

Once a federal court determines that it lacks subject matter jurisdiction over a dispute, it must either immediately dismiss the case or remand the action to a state court from which it was removed. *See, e.g.*, FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action.")(emphasis supplied); *Morrison*, 228 F.3d 1255, 1261 (11th Cir. 2000) (noting that "federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction"). Such is the case here.

For the reasons stated herein, this Court concludes that it lacks subject matter

jurisdiction over the instant lawsuit.  As such, this action is due to be remanded to the Circuit Court of Etowah County, Alabama.  A separate Order of Remand will be entered consistent with this Memorandum Opinion.

**DONE** this the 17th day of November, 2009.

**VIRGINIA EMERSON HOPKINS**
United States District Judge